UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARK DANIEL LOMASNEY,

    Plaintiff,

v.

                                                    Hon. Robert J. Jonker

OLD NATIONAL BANK,                            Case No. 1:24-cv-359

    Defendant.
_____/

**REPORT AND RECOMMENDATION**

    Plaintiff Mark Lomasney paid the filing fee and filed his complaint in this action on April 8, 2024, against Defendant Old National Bank. Having reviewed Plaintiff's complaint, I recommend that the Court dismiss this action for lack of jurisdiction.

    The complaint's only factual allegation, is as follows:

> Old National Bank did knowingly so took advantage of trade secrets. They participated in double entry booking of my loan. And profited again by converting my mortgage into MBS, then securitizatied [sic] it into a hedgefund and selling it globally.

(ECF No. 1 at PageID.2.) For relief, Plaintiff seeks "the full value and closure of the account (4000398661) . . . [,] reimbursement of the double entry bookings in the amount of [$]13,714.74[] . . . [, and] court costs and lawyer fees of [$]5,000[]." (*Id.*) Plaintiff purports to invoke this Court's federal question jurisdiction, citing 12 U.S.C. § 1831n(2); the Defend Trade Secrets Act (DTSA), S. 1890, codified as 18 U.S.C. § 1831 *et seq.*; and SEC article 8. (*Id.*)

    As courts of limited jurisdiction, "federal court[s] must proceed with caution in deciding that [they have] subject matter jurisdiction." *Musson Theatrical, Inc. v. Fed. Express Corp.*, 89 F.3d 1244, 1252 (6th Cir. 1996). "It is to be presumed that a cause lies outside this limited

jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). It is firmly established that a court may dismiss an action *sua sponte* "for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479–80 (6th Cir. 1999); *see also Wagenknecht v. United States*, 533 F.3d 412, 417 (6th Cir. 2008).

First, although the Sixth Circuit has not addressed the issue, other courts have consistently held that 12 U.S.C. § 1831n(2), which requires that banking institutions adhere to Generally Accepted Accounting Principles (GAAP) in certain filings with federal agencies, does not create a private right of action. *See Anthony v. Cattle Nat'l Bank & Trust Co.*, 684 F.3d 738, 739–40 (8th Cir. 2012) (per curiam) ("[H]aving reviewed the language and structure of section 1831n, this court determines that section 1831n does not create a private right of action"); *Guardia v. CitiMortgage*, No. 2:21-cv-553, 2021 WL 3811028, at *2 (C.D. Cal. May 24, 2021) ("[T]o the extent Plaintiff is relying on the requirement of complying with GAAP in 12 U.S.C. § 1831n, Plaintiff's GAAP-based causes of action fail because 12 U.S.C. § 1831n(2)(A) does not provide for a private right of action."); *Stoute v. Navient*, No. 19-11362, 2019 WL 12493604, at *1 (D. Mass. Sept. 19, 2019) (holding that the plaintiff could not proceed under 12 U.S.C. § 1831n(2)(A) because it does not create a private right of action); *Chavez v. HSBC Bank, NA*, No. 11-03292, 2011 WL 13220484, at *3 (C.D. Cal. July 13, 2011) (noting that "the text, context, and history of section 1831n(2)(A) fail to indicate an intention to create a private right of action, but rather suggest a framework for federal administrative oversight over the banking industry"); *Mathews v. Washington Mut. Bank, FA*, No. 05-100, 2006 WL 2380460, at *4 n.6 (E.D. Pa. Aug. 14, 2006)

2

("We find no indication in the text, context, or history of § 1831 that it was intended to create a private right of action.").

Second, SEC (Securities and Exchange Commission) article 8, 17 C.F.R. Part 210, pertains to financial statements of so-called smaller reporting companies as defined in 17 C.F.R. § 229.10(f)(1). Nothing in this regulation indicates that it creates a private right of action. Instead, it merely regulates the preparation and content of smaller reporting company financial statements.

Finally, while the DTSA does create a private right of action in favor of "[a]n owner of a trade secret that is misappropriated . . . if the trade secret is related to a product or service used in, or intended for use in, interstate or foreign commerce," 18 U.S.C. § 1836(b)(1), Plaintiff does not allege that Old National Bank misappropriated any trade secret that he owned. To the extent that Plaintiff asserts his mortgage constituted a trade secret, such a claim is implausible, unsubstantial, and devoid of merit under *Apple*, *supra*, because Plaintiff did not own the mortgage and, more importantly, and because a mortgage—which is recorded in the public records for all to see—is the antithesis of a trade secret.

Thus, this entire action is subject to dismissal. *See Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 89 (1998) (dismissal for lack of subject-matter jurisdiction is appropriate when a complaint is so "completely devoid of merit as not to involve a federal controversy"). Accordingly, I recommend that the Court **dismiss** this action for lack of subject matter jurisdiction. *Apple*, 183 F.3dd at 479.

Date:  April 10, 2024                                              /s/ Sally J. Berens            
                                                                           SALLY J. BERENS
                                                                           U.S. Magistrate Judge

## NOTICE

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file

3

objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).